UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. ENRIGHT,<br><br>                      Plaintiff,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY, LLC d/b/a HEALTH NET FEDERAL SERVICES, LLC,<br><br>                      Defendant. | Case No.: 25cv0796-LL-MSB<br><br>**ORDER DENYING MOTION TO REMAND CASE TO STATE COURT AND DENYING AS MOOT MOTION TO STAY**<br><br>[ECF Nos. 6, 7] |

Plaintiff Paul C. Enright, acting pro se, sued Defendant Centene Management Company, LLC d/b/a Health Net Federal Services, LLC for allegedly violating California employment laws. ECF No. 1-2 ("Compl."). Defendant timely removed the case from San Diego Superior Court to this Court under diversity jurisdiction. ECF No. 1. Plaintiff moved to remand the case to state court and to stay it in the interim. ECF Nos. 6, 7. These matters are fully briefed, and the Court deems them suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES AS MOOT** his Motion to Stay.

I.     **LEGAL STANDARD**

If a district court has "original jurisdiction" over a civil action, a defendant may remove it from state to federal court. 28 U.S.C. § 1441(a). A form of original jurisdiction,

often called diversity jurisdiction, exists when (1) the "matter in controversy" exceeds "$75,000" and (2) the civil action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). If a federal court lacks the proper jurisdiction after removal, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c). Because there is a "strong presumption" against removal, "the defendant always has the burden of establishing removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## II.   DISCUSSION

### A.   Matter in Controversy

Plaintiff, a former healthcare analyst, alleges that Defendant unlawfully fired him in December 2021. *See* Compl. Plaintiff seeks compensatory, general, and punitive damages. *See, e.g., id.* ¶ 145 ("Mr. Enright has been damaged in that he was wrongfully and tortiously deprived of future wages, bonuses, benefits, and other compensation to which he was and remains entitled."). Although Plaintiff does not quantify his damages, the only reasonable reading of the complaint is that his claims for over three years of lost wages, bonuses, etc. exceeds $75,000, especially when coupled with his other requests. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Even if it were not facially apparent, Defendant's petition also reveals that the matter in controversy exceeds the requisite $75,000. *See id.* (noting that the court may "consider facts in the removal petition" when assessing "the amount in controversy"); ECF No. 1 ¶ 24 (calculating Plaintiff's salary as "$114,685.87 per year").

### B.   Citizens of Different States

Complete "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A person is a "citizen" or "domiciled" where he or she resides and intends to stay. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). A corporation, meanwhile, has two citizenships: the state where it was "incorporated" and the state where it has its "principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). An "LLC is

a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Since the "*Johnson* court analyzed the state citizenship of each component member of the defendant's entity," courts sitting in alleged diversity, like here, must "evaluate whether a defendant has discharged its burden for removal by looking at the layers of citizenship of each LLC member." *Traeger Grills E., LLC v. Traeger Pellet Grills, LLC*, No. 11-cv-0536-AC, 2011 WL 5439330, at *3 (D. Or. Nov. 9, 2011).

Here, the parties are completely diverse. Plaintiff resides in California and does not allege any intention to move. *See generally* Compl. Plaintiff's domicile is thus California. Next, looking at the layers of Defendant's LLC members, Centene Management Company LLC's sole member is Centene Corporation, incorporated in Delaware with a principal place of business in Missouri; and Health Net Federal Services, LLC's sole member is Health Net, LCC, whose sole member is Centene Corporation, the Delaware and Missouri citizen. ECF No. 4. Because the matter in controversy exceeds $75,000 and the parties are citizens of different states, the Court has original diversity jurisdiction over this case.[1]

## III. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand Case to State Court and **DENIES AS MOOT** his Motion to Stay.

**IT IS SO ORDERED.**

Dated: June 27, 2025

Honorable Linda Lopez
United States District Judge

---

[1] Contrary to Plaintiff's concern, removal did not discount his ability to recover under state law. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims.").